# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN SORIANO, | Case No. 1:13-cv-01179 DLB PC |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| P. D. BRAZELTON, et al., | |
| Defendants. | |

Plaintiff Dean Soriano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on July 29, 2013. He names Pleasant Valley State Prison Warden P. D. Brazelton as the sole Defendant.[1]

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 7, 2013.

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### B.	SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at San Quentin State Prison in San Quentin, California. The events at issue occurred while Plaintiff was incarcerated at Pleasant Valley State Prison.

Plaintiff filed this action on a Section 1983 form pleading. In the Statement of Claim, Plaintiff refers to the attached pleading, which is the Petition for Writ of Habeas Corpus he filed in the California Supreme Court.

According to the attached Petition, Plaintiff was found guilty "Possession of Dangerous Contraband- Inmate Manufactured Deadly Weapon" after a March 25, 2010, disciplinary hearing.

2

Plaintiff alleges that Defendant failed to provide him with an impartial decision maker, in violation of his due process rights. He also contends that there was insufficient evidence to support a guilty finding.

For relief, Plaintiff requests that (1) the guilty finding be reversed and the charge be vacated; (2) all references to the charge be expunged from his central file; (3) all 360 days of forfeited behavior credits be restored; and (4) that declaratory and monetary relief be awarded.

## C.     DISCUSSION

In Preiser v. Rodriguez, the Supreme Court held that a habeas action, rather than a suit under section 1983, is the proper vehicle for a state prisoner to challenge "the fact or duration of his confinement." 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Actions under section 1983 are not cognizable when the prisoner seeks "immediate release from prison" or a shortening of the term of confinement. Id. at 482. The Court expanded on this principle in Heck v. Humphrey, explaining that even when a plaintiff seeks monetary damages rather than a speedier release, federal courts may not consider section 1983 claims that impugn the lawfulness of confinement. See Heck, 512 U.S. 477, 485, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). When a state prisoner's challenge "necessarily impl[ies] ... the invalidity of" a prison disciplinary, the action must be pursued through a petition for a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); see also Butterfield v. Bail, 120 F.3d 1023, 1024–25 (9th Cir.1997) (holding that § 1983 action against parole board defendants who considered false information in denying parole was not cognizable because "the remedy [plaintiff] ultimately seeks is parole").

Here, it is unclear whether Plaintiff actually intended to file a section 1983 action. Although he completed a section 1983 form, he attached a Petition for Writ of Habeas Corpus that he filed in the California Supreme Court. The California Supreme Court denied his petition on September 12, 2012. The Fifth District Court of Appeal denied the petition on December 8, 2011, and the Fresno County Superior Court denied the petition on October 13, 2011. Based on the sequence of events and Plaintiff's claims, Plaintiff may have intended to file a Petition for Writ of Habeas Corpus in this Court.

In any event, as granting Plaintiff's relief would necessarily alter the length of his sentence, his claims are not proper in a section 1983 action.  Moreover, insofar as Plaintiff requests money damages, he cannot do so in a section 1983 action unless he can prove that his conviction has been reversed, expunged or declared invalid.  Plaintiff has made no such allegation.

**D.     ORDER**

For these reasons, Plaintiff's complaint fails to state a claim for which relief may be granted under section 1983.  Accordingly, this action is DISMISSED WITHOUT PREJUDICE.  Plaintiff may refile this action as a Petition for Writ of Habeas Corpus.

IT IS SO ORDERED.

Dated:    **February 4, 2014**                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE

4